IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NHUNG THI TRAN                  :

    v.                           :   Civil Action No. DKC 10-2503

ERIC HOLDER, et al.             :

**MEMORANDUM OPINION**

Several motions are presently pending in this immigration dispute. First, Defendants Eric Holder, Hillary Rodham Clinton, and Daniel Renaud have moved to dismiss. (ECF No. 13). In addition, Plaintiff Nhung Thi Tran has filed a motion for summary judgment and two identical motions for default judgment. (ECF Nos. 11, 15, 16). The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendants' motion to dismiss will be granted and Plaintiff's motions will be denied.

**I. Background**

According to the complaint, Plaintiff Nhung Thi Tran is a United States citizen. (ECF No. 1 ¶ 2). On November 20, 2008, Tran filed a Form I-130 visa petition with Citizenship and Immigration Services ("CIS"), seeking an immigrant visa on behalf of her husband, Trung Pham, a Vietnamese national. (*Id.* ¶ 9). CIS approved the petition on February 3, 2009 and

transferred it to a Department of State ("DOS") consular office in Vietnam. (*Id.*). On December 29, 2009, the DOS returned the petition to CIS for possible revocation after a consular officer questioned the legitimacy of Tran's marriage to Pham. (*Id.* ¶ 10). The consular officer refused Tran's requests to hold the case in abeyance pending DNA results demonstrating that Tran was pregnant with Pham's child. (*Id.*).

Tran filed a complaint with this court on September 10, 2010. (ECF No. 1). At the time, Pham had not been issued an immigrant visa, allegedly despite numerous inquiries. (*Id.* ¶¶ 16, 21). The complaint contends that Defendants' refusal to issue the visa was arbitrary, unreasonable, and unlawful under the Administrative Procedure Act. (*Id.* ¶¶ 19-20). Tran seeks a writ of mandamus compelling CIS and DOS to make a decision on Pham's visa within sixty days. (*Id.* ¶ 22).

All parties now concede, however, that Pham was issued a visa on April 22, 2011. (ECF No. 15, Ex. B; ECF No. 13 at 1). Nevertheless, Tran filed the pending motion for summary judgment on May 3. (ECF No. 11). On May 20, 2011 Defendants filed the pending motion to dismiss Tran's claim as moot. (ECF No. 13). Tran did not file any opposition. Instead, although Pham was admitted as an immigrant to the United States on June 8 (ECF No. 15, Ex. A), Tran filed the pending motions for default judgment

2

on June 23, 2011. (ECF Nos. 15, 16). Defendants opposed shortly thereafter. (ECF No. 17).

## II. Analysis

Defendants seek dismissal because, in their view, this action is moot "[i]n light of the April 22, 2011 issuance of [a] visa[] on behalf of Trung Duc Pham." (ECF No. 13, at 4). Because mootness goes to the "heart" of the court's Article III jurisdiction, *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002), Defendants appropriately raise the issue via a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), *see, e.g.*, *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (explaining mootness is appropriately raised in Rule 12(b)(1) motion); *Friends of Animals v. Salazar*, 670 F.Supp.2d 7, 11 (D.D.C. 2009) (same). Defendants have the burden of showing mootness. *Allen, Allen, Allen, & Allen v. Williams*, 254 F.Supp.2d 614, 626 (E.D.Va. 2003).

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 277 (2000) (citation omitted). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (citation omitted). "[N]o

justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments." *Flast v. Cohen*, 392 U.S. 83, 95 (1968) (citation omitted). "[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and quotation marks omitted); *see also Townes v. Jarvis*, 577 F.3d 543, 554 (4th Cir. 2009), *cert. denied*, 130 S.Ct. 1883 (2010). These general principles apply with equal force in the mandamus context. *See, e.g.*, 52 Am.Jur.2d *Mandamus* § 45 (2011 supp.) ("Mandamus will not issue in the case of . . . moot questions.").

Here, Tran's only requested relief is a writ of mandamus compelling defendants to adjudicate Pham's visa application. Both parties acknowledge that defendants did precisely this on April 22, 2011. (ECF No. 15, Ex. B; ECF No. 13 at 1). "[O]nce the public duty has occurred, the prayer that mandamus be issued compelling [a public officer] to perform that public duty is moot." *R.A.F. v. Robinson*, 286 Ga. 644, 646 (2010) (quotation marks omitted); *accord Thompson v. U.S. Dep't of Labor*, 813 F.2d 48, 51 (3$^{d}$ Cir. 1987); *Gray v. Office of Pers. Mgmt.*, 771 F.2d 1504, 1513 (D.C. Cir. 1985), *cert. denied*, 475 U.S. 1089 (1986).

4

Federal courts have routinely concluded that immigration mandamus actions are moot where, as here, the agency has rendered the requested adjudication. *See, e.g., Mohammed v. Holder*, 695 F.Supp.2d 284, 289 (E.D.Va. 2010) (holding petition for writ of mandamus to compel CIS to adjudicate adjustment of status application moot when CIS had already adjudicated the application). Indeed, courts have often dismissed as moot mandamus actions requesting adjudication of an I-130 petition once the petition has been adjudicated. *See, e.g., Iredia v. Fitzgerald*, No. 10-228, 2010 WL 2994215, at *3 (E.D.Pa. July 27, 2010); *Brown v. Dep't of Homeland Sec.*, No. 2007-0065, 2008 WL 2329314, at *1 (D.V.I. June 3, 2008); *Ordonez-Garay v. Chertoff*, No. CV F 06-1835 AWI SMS, 2007 WL 2904226, at *4 (E.D.Cal. Oct. 3, 2007); *Ariwodo v. Hudson*, No. H-06-1907, 2006 WL 2729386, at *3 (S.D.Tex. Sept. 26, 2006).

As such, the action is moot and will be dismissed. Because Defendants' motion to dismiss will be granted, Tran's motions for summary and default judgment will be denied as moot.

**III. Conclusion**

For the foregoing reasons, Defendants' motion to dismiss will be granted and Plaintiff's motions will be denied. A separate order will follow.

<pre>
                          /s/
        DEBORAH K. CHASANOW
        United States District Judge
</pre>